IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:16-cv-126

**RONALD RICHARDSON, Individually,** :
:
　　**Plaintiff,** :
:
v. : **COMPLAINT**
: (Injunctive Relief Demanded)
**C. LESTER HOWARD, JR.** :
**JULIA A. CADE** :
**ROY H. BYRD, JR.** :
**FAYETTEVILLE I ASSOCIATES,** :
:
　　**Defendants.** :
:

_____/

　　Plaintiff, RONALD RICHARDSON, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, C. Lester Howard, Jr., Julia A. Cade, Roy H. Byrd, Jr., Fayetteville I Associates, (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Defendants' property, Bragg Blvd Flea Market, 3315 Bragg Blvd, Fayetteville, NC 28303, is located in the County of Cumberland.

2. Venue is properly located in the EASTERN DISTRICT OF NORTH CAROLINA because venue lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

3. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

4. Plaintiff RONALD RICHARDSON is a North Carolina resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is a parapalegic as a result of a motorcycle accident. Plaintiff Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

5. Plaintiff Richardson is a resident of Fayetteville, NC and has been for many years. Plaintiff lives six (6) miles from the property. Plaintiff visits the property frequently. Plaintiff shops at the property multiple times each month. Plaintiff intends to continue his pattern and practice of visiting Defendants' property in the future, based on Plaintiff's affinity for the products available there.

6. Plaintiff continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in this Complaint which still exist. The barriers encountered, and how they affected Plaintiff in an individualized and particular manner, are set forth below in paragraph 10.

7. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as Bragg Blvd Flea Market, 3315 Bragg Blvd, Fayetteville, NC 28303.

8. RONALD RICHARDSON has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in this Complaint. Plaintiff has a reasonable ground to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. RONALD RICHARDSON desires to visit Bragg Blvd Flea Market not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendants have discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendants have discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). Plaintiff's visits to Bragg Blvd Flea Market have shown that violations exist. These violations include, but are not limited to:

Parking

1. The plaintiff had difficulty exiting the vehicle, as the designated accessible parking space access aisles were located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on an excessive slope in violation of Section 4.6.3 of the ADAAG, whose resolution is readily achievable.

2. The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces were located on an excessive slope. Violation: Some of the accessible parking spaces are located on a slope in violation of Section 4.6.3 of the ADAAG, whose resolution is readily achievable.

3. There are accessible parking spaces that do not provide signs designating them as accessible in violation of Section 4.6.4 of the ADAAG, whose resolution is readily achievable.

4. The plaintiff had difficulty exiting the vehicle, as an access aisle of the required width is not provided. Violation: There are accessible parking spaces that do not have compliant access aisles provided, violating Sections 4.1.2(5a) and 4.6.3 of the ADAAG, whose resolution is readily achievable.

Entrance Access and Path of Travel

1. The plaintiff had difficulty using some of the curb ramps, as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Section 4.7.2 of the ADAAG, whose resolution is readily achievable.

2. The plaintiff experienced a hazardous situation as the curb ramp protrudes into the vehicular pathway. Violation: There are curb ramps at the facility that project into vehicular areas in violation of Section 4.7.6 of the ADAAG, whose resolution is readily achievable.

3. The plaintiff could not enter the facility without assistance, as the door width was too narrow at the double-leaf doors at one of the entrances. The clear width at doors to the facility is less than the prescribed minimums, in violation of Sections 4.13.4 and 4.13.5 of the ADAAG, whose resolution is readily achievable. (See Exhibit A).

4. The plaintiff had difficulty entering the facility, as the door threshold was too high. Violation: There are rises in excess of ½ inch at the thresholds at one of the entrances to the facility, violating Section 4.13.8 of the ADAAG, whose resolution is readily achievable.

Access to Goods and Services

1.      The plaintiff could not use counters throughout the facility as they are mounted too high. Violation: There are counters at the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG, whose resolution is readily achievable.

2.      The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

Public Restrooms

1.      There are 6 toilet compartments without 1 of the 6 meeting the requirements of an ambulatory accessible toilet compartment. Violation: The toilet compartments provided for public use at the facility are in violation of Section 4.22.4 and Figure 30(d) of the ADAAG, whose resolution is readily achievable.  (See Exhibit B).

2.      The plaintiff could not use the accessible toilet compartment without assistance, as it was screwed shut: Violation: Facility fails to maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG, whose resolution is readily achievable.

3.      The plaintiff could not enter the accessible toilet stall without assistance, as the required maneuvering clearance was not provided. Violation: The accessible toilet stall does not provide the required latch side clearance violating Sections 4.13.6 and 4.17.5 of the ADAAG, whose resolution is readily achievable.

4.      The plaintiff could not flush the toilet without assistance, as the flush valve was not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG, whose resolution is readily achievable.

5.      The plaintiff could not transfer to the toilet in the toilet compartment without assistance, as the grab bars were missing. Violation: Compliant grab bars are not provided in the accessible toilet compartment in violation of Section 4.17.6 and Figure 30 of the ADAAG, whose resolution is readily achievable.

6.      The plaintiff could not use the lavatory without assistance. Violation: There are lavatories in public restrooms without the required knee/toe clearances provided, in violation of the requirements in Section 4.19.2 and Figure 31 of the ADAAG, whose resolution is readily achievable.

7.      The plaintiff could not use the lavatory faucets without assistance, as they require a tight grasp and twist to operate. Violation: Compliant faucets are not provided at the lavatory in violation of Section 4.19.5 of the ADAAG, whose resolution is readily achievable.

8. The plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG, whose resolution is readily achievable.

9. The plaintiff had difficulty using the urinals as the rims were mounted too high. Violation: There are urinals provided for public use that do not comply with the standards set forth in Section 4.18.2 of the ADAAG, whose resolution is readily achievable.

11. The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to

make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer

employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter Bragg Blvd Flea Market to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. .

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted, this the 22nd day of March, 2016.

*/s/ Christopher D. Lane*
Christopher D. Lane
NC State Bar No.: 20302
*Attorney for Plaintiff*
3802-A Clemmons Road
Clemmons, NC 27012
Telephone: 336-766-0229
Facsimile: 336-766-9145
Email: cdllaw@juno.com